

1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, California  94025
   Telephone:  (650) 614-7400
5  Facsimile:   (650) 614-7401

6  JINNIFER D. PITCHER (STATE BAR NO. 252880)
   jpitcher@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall
8  Suite 3000
   Sacramento, California  95814-4497
9  Telephone:  (916) 447-9200
   Facsimile:   (916) 329-4900

10
11 Attorneys for Defendant
   Sears, Roebuck and Co.

12

13                  UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15

16 NIKOLA LOVIG, on behalf of himself      Case No. EDCV 11- 756 (VAP SPx)
   and all others similarly situated,
17                                          **DEFENDANT SEARS,**
              Plaintiff,                    **ROEBUCK AND CO.'S NOTICE**
18                                          **OF REMOVAL**
              v.
19                                          Date Action Filed:     April 8, 2011
   SEARS, ROEBUCK & CO., a New
20 York Corporation; and DOES 1-50,
   inclusive,
21
              Defendants.
22

23

24

25

26

27

28

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF
RECORD:

PLEASE TAKE NOTICE that Defendant Sears, Roebuck and Co. ("Sears")
files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and
1453 to effect the removal of the above-captioned action, which was commenced in
the Superior Court of the State of California in and for the County of Riverside, and
states that the removal is proper for the reasons stated below.

## BACKGROUND

1.     On April 8, 2011, Plaintiff, individually and purportedly on behalf of
all others similarly situated, filed a Complaint in the Superior Court of California
for the County of Riverside, entitled "Nikola Lovig, on behalf of himself and all
others similarly situated, Plaintiff, v. Sears Roebuck and Co., a New York
corporation, and Does 1 through 50, inclusive, Defendants," No. 1106069 (the
"Action"). The allegations of the Complaint in the Action are incorporated by
reference in this Notice of Removal without necessarily admitting any of them.

2.     The Complaint purports to assert five class-wide claims for relief
alleging causes of action based upon the Plaintiff's employment relationship. The
Complaint alleges class-wide causes of action for violations of the California Labor
Code and unfair business practices statutes of California Business and Professions
Code section 17200 et seq., and seeks relief in the form of allegedly unpaid wages,
unreimbursed business expenses, penalties under the Labor Code, restitution,
declaratory relief, and statutory attorneys' fees and interest.

3.     The Complaint names Defendant Sears, Roebuck and Co., a non-
California corporation with its principal place of business in Illinois. Defendant is
informed and believes there have been no other defendants named in this case.

4.     Defendant's agent for service of process was served with the
Summons and Complaint and other papers on April 11, 2011. The Summons and

DEFENDANT SEARS, ROEBUCK AND CO.'S
NOTICE OF REMOVAL

1  Complaint are attached hereto together with all other pleadings, process and orders
2  served on Defendant as Exhibit A. This Notice of Removal is timely as it is filed
3  within thirty days of the first receipt by a defendant of a copy of the Summons and
4  Complaint in this matter. 28 U.S.C. § 1446(b).

5  ### CLASS ACTION FAIRNESS ACT

6  5.     Defendant removes this action based upon the Class Action Fairness
7  Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d). This Court has original
8  jurisdiction of this action under § 1332(d)(2). As set forth below, this action is
9  removable pursuant to 28 U.S.C. § 1441(a) as it is a class action in which at least
10  one class member is a citizen of a state different from that of any one defendant, the
11  proposed class exceeds 100 members, and the amount in controversy exceeds
12  $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no
13  defendant identified in the Complaint is a state, officer of a state, or a governmental
14  agency. 28 U.S.C. § 1332(d)(5).

15  ### DIVERSITY OF CITIZENSHIP

16  6.     Plaintiff's Citizenship. Plaintiff alleges that he was employed in
17  Riverside County within the state of California prior to filing this action.
18  Complaint ¶ 5. According to Plaintiff's employment records, he resided in
19  Riverside County, California. Declaration of Robert G. Springhorn ("Springhorn
20  Decl.") ¶ 10. For diversity purposes, a person is a "citizen" of the state in which he
21  or she is domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090
22  (9th Cir. 1983). Residence is prima facie evidence of domicile. See State Farm
23  Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994). Defendant therefore
24  alleges that Plaintiff is a citizen of California. Complaint ¶ 5; Springhorn Decl. ¶
25  10.

26  7.     Citizenship Of Members Of Proposed Plaintiff Class. Plaintiff alleges
27  that the proposed class consists only of persons currently or formerly employed
28  within the State of California. Complaint ¶ 11. On that basis, Defendant alleges

DEFENDANT SEARS, ROEBUCK AND CO.'S
NOTICE OF REMOVAL

that at least two-thirds of the persons who make up the proposed class are citizens of the State of California.

8.   Defendant's Citizenship.   Defendant Sears, Roebuck and Co. is a citizen of New York and Illinois.   A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."   28 U.S.C. § 1332(c).   Sears, Roebuck and Co. is incorporated under the laws of the State of New York, and has its principal place of business in Hoffman Estates, Illinois, where it is headquartered.

9.   Doe Defendants' Citizenship.   The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.   *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

10.   Size of Class.   The Complaint defines five classes:

a.   "Technician Class:  All persons employed by Defendants in California, who, during the time period from four years before the filing of this action to the date that final judgment is entered, have held the position of 'Technician' and/or other hourly or non-exempt positions with similar job descriptions and/or duties."

b.   "Premium Wage Rate Class:  All persons employed by Defendants in California in hourly or non-exempt positions, who, during the time period from four years before the filing of this action to the date that final judgment is entered, received both (a) premium wages in lieu of meal and/or rest periods; and (b) commission and/or bonuses."

c.   "Personal Days Class: All persons employed by Defendants in California during the time period from four years before the filing of this action to when final judgment is entered who: (a) forfeited one or more personal days; and/or(b) were eligible for personal days when they voluntarily or involuntarily separated from Defendants' employment."

- 3 -

d.      "Waiting Time Penalties Class: All persons who voluntarily or involuntarily separated from Defendants' employment during the time period from three years before the filing of this action to the date that final judgment is entered who are members of the Technician Class, Premium Wage Rate Class, and/or Personal Days Class."

e.      "Wage statement penalties class: All persons employed by Defendants during the time period from one year before the filing of this action to the date that final judgment is entered who are members of the Technician Class, Premium Wage Rate Class, and/or Personal Days Class." Complaint ¶ 11.

Defendant asserts that there are more than 100 individuals who qualify as potential class members during the four-year period alleged. According to Sears' records, the number of current and former technicians in California encompassed by the Complaint during the alleged class period is greater than 1,800. Springhorn Decl. ¶ 8. According to Sears' records, the number of current and former employees in California who were eligible for personal days during the alleged class period is greater than 11,000. Springhorn Decl. ¶ 6.

## AMOUNT IN CONTROVERSY

11.     The alleged amount in controversy in this class action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. Defendant denies Plaintiff's claims in their entirety and asserts that Plaintiff's claims are not amenable to class treatment, but provides the following analysis of potential damages (without admitting liability and without consideration of the claims for relief specified in paragraph 16 herein) in order to demonstrate that Plaintiff's Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d). The Complaint seeks payment of allegedly unpaid minimum and overtime wages over a four-year period as well as damages for allegedly inaccurate wage statements at the amounts set by Labor Code § 226(a), which sets forth maximum damages of $4,000 per employee. The Complaint also seeks payment of waiting time penalties

DEFENDANT SEARS, ROEBUCK AND CO.'S
NOTICE OF REMOVAL

under California Labor Code § 203, which provides that wages shall continue at their regular rate for a period of up to 30 days if all concededly due wages are not paid at the time of termination.

12.     When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Statutory penalties may be considered by the Court when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000). The Court should also include requests for attorneys' fees in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

13.     The potential damages, penalties and restitution Plaintiff seeks in this action easily exceed $5,000,000, exclusive of interest and costs. Defendant's records show that Defendant Sears, Roebuck and Co. employed over 1,800 technicians in California during the proposed class period. Springhorn Decl. ¶ 8. Plaintiff was employed by Defendant Sears, Roebuck and Co. from January 16, 2007 to April 16, 2010, for approximately 171 workweeks, and his final hourly rate of pay was $18.08. Springhorn Decl. ¶ 9.

14.     Plaintiff's fifth cause of action for late payment of final wages under California Labor Code § 203 alleges that class members were not paid all wages due upon termination. Labor Code § 203 provides for 30 days' wages as a penalty for late final payment of owed wages. Of the over 1,800 technicians employed by Sears, Roebuck and Co. in California during the proposed class period, there were 678 terminations within the last three years (*i.e.*, April 12, 2008 through May 10, 2011). Springhorn Decl. ¶ 8. Thirty days of wages for the Plaintiff would be $4,339.20 ($18.08 per hour * 8 hours per day *30 days). Assuming for purposes of this removal petition only that Plaintiff's Labor Code § 203 claims are typical of

- 5 -

DEFENDANT SEARS, ROEBUCK AND CO.'S
NOTICE OF REMOVAL

those in the putative Technician class as he asserts in paragraph 15 of the Complaint, the total amount in controversy on Plaintiff's fifth cause of action for the Technician Class would be $2,941,977.60 ($4,339.20 * 678).

In addition, of the more than 11,000 Sears employees who were eligible for personal days in California during the proposed class period, there were 3,771 terminations within the last three years (*i.e.*, April 12, 2008 through May 10, 2011). Thirty days of wages for the Plaintiff would be $4,339.20. Assuming that Plaintiff's Labor Code § 203 claims are typical of those of the Personal Days Class, the total amount in controversy on Plaintiff's fifth cause of action for the Personal Days Class would be $16,363,123.20 ($4,339.20 * 3,771).

15.    Plaintiff's fourth cause of action for failure to issue accurate itemized wage statements carries a maximum penalty of $4,000 per employee. Given the 3,771 terminations of former employees eligible for personal days, if each were entitled to the maximum penalties provided by Labor Code § 226(a), the amount in controversy on this claim alone would be $15,084,000.00. Given the 678 terminations of former technicians, if each were entitled to the maximum penalties provided by Labor Code § 226(a), the amount in controversy on this claim alone would be $2,712,000.00.

16.    As the calculations above demonstrate, there is well over $5,000,000 in controversy in this action even using the conservative amounts discussed above. According to the allegations in the complaint, for the technicians class the amount in controversy is at least $ 5,653,977.60 ($2,941,977.60 + $2,712,000.00), and the amount in controversy for the personal days class is at least $31,447,123.20 ($16,363,123.20 + $15,084,000.00). Therefore, the amount in controversy is satisfied even without addressing Plaintiff's claims for overtime, claims for minimum wage, claims for unreimbursed business expenses, assorted meal and rest period claims, or the issue of potential attorneys' fees, which are provided for by

statute and in the Ninth Circuit typically are 25% of any judgment in favor of the Plaintiff. CAFA's amount-in-controversy requirement is easily satisfied.

## NO BASES FOR REJECTING OR DECLINING JURISDICTION EXIST

17.   There are no bases for this Court to reject or decline jurisdiction as set out in 28 U.S.C. § 1332(d). Further, as set out above, no named defendant is a citizen of California; thus 28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(I) are inapplicable.

## VENUE

18.   Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California, County of Riverside, which is embraced by the Central District of California.

## NOTICE OF REMOVAL

19.   This Notice of Removal shall be served promptly on the Plaintiff Nikola Lovig and filed with the Clerk of the Superior Court of the State of California in and for the County of Riverside.

20.   In compliance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all state-court papers served herein, including the summons and Complaint.

21.   WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Riverside to the United States District Court of the Central District of California.

Dated: May 11, 2011

LYNNE C. HERMLE
JOSEPH C. LIBURT
JINNIFER D. PITCHER
Orrick, Herrington & Sutcliffe LLP

By: _____
JINNIFER D. PITCHER
Attorneys for Defendant
Sears, Roebuck and Co.

DEFENDANT SEARS, ROEBUCK AND CO.'S
NOTICE OF REMOVAL

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/11/2011
CT Log Number 518338050

TO: Legal Intake B6-263B
Sears, Roebuck and Co.
3333 Beverly Road
Hoffman Estates, IL 60179-

RE: **Process Served in California**

FOR: Sears, Roebuck and Co. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Nikola Lovig, on behalf of himself and all other similarly situated, Pltf. vs. Sears Roebuck & Co., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, CoverSheet, Complaint and Jury Demand, Attachment(s), Certificate |
| **COURT/AGENCY:** | Riverside County, Superior Court, Riverside, CA Case # 1106069 |
| **NATURE OF ACTION:** | Employee Litigation - A comlaint for the recovery of the unpaid minimum and overtime wages - Seeking Declaratory and Injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/11/2011 at 15:46 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh Law Offices of Shaun Setareh 9454 Wilshire Blvd. Penthouse Suite #1 Bevery Hills, CA 90212 310-888-7771 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/11/2011, Expected Purge Date: 04/16/2011 Image SOP Email Notification, Legal Intake B6-263B legalint@searshc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / WE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

APR 11 2011 ⊙ 2:05p

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEARS ROEBUCK & CO., a New York Corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NIKOLA LOVIG, on behalf of himself and all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

# FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 08 2011

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):* 1106069 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh (SBN 204514) 9454 Wilshire Blvd., Penthouse Suite #1, Beverly Hills, California 90212

| DATE: April 8, 2011<br>*(Fecha)* APR 08 2011 | Clerk, by<br>*(Secretario)* D. Barraza | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Sears Roebuck LCO, a New York Corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 264314)<br>Law Office of Shaun Setareh<br>9454 Wilshire Blvd., Penthouse<br>Beverly Hills, California 90212<br>TELEPHONE NO.: 310-888-7771    FAX NO.: 310-888-0109<br>ATTORNEY FOR (Name): Nikola Lovig | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Riverside

STREET ADDRESS: 4050 Main Street

MAILING ADDRESS:

CITY AND ZIP CODE: Riverside, CA 92501

BRANCH NAME: Historic Courthouse

CASE NAME:
Lovig v. Sears Roebuck & Co., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 1 1 0 8 0 6 0 1<br><br>JUDGE:<br>DEPT:    FILED BY FAX |

*Items 1–6 below must be completed (see instructions on page 2).*    CRC 2005

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Five (5)
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: April 8, 2011
Shaun Setareh, Esq.
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1  Shaun Setareh (SBN 204514)
          setarehlaw@sbcglobal.net
2  Hayley Schwartzkopf (SBN 265131)
          hayley.setarehlaw@sbcglobal.net
3  LAW OFFICES OF SHAUN SETAREH
4  9454 Wilshire Boulevard, Penthouse Floor
   Beverly Hills, California 90212
5  Telephone:   (310) 888-7771
6  Facsimile:   (310) 888-0109

7  Attorneys for Plaintiff
8  NIKOLA LOVIG
   (Additional Attorneys for Plaintiff on Following Page)
9

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 08 2011

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     FOR THE COUNTY OF RIVERSIDE
12                        (*UNLIMITED JURISDICTION*)

13

14  NIKOLA LOVIG, on behalf of himself and      Case No.        1106069
    all others similarly situated,
15                                              CLASS ACTION
        Plaintiff,
16                                              COMPLAINT FOR:
17      vs.                                     1.  Unfair Competition (Bus. & Prof. Code
                                                    §§ 17200, *et seq.*);
18  SEARS ROEBUCK & CO., a New York             2.  Unpaid Minimum and Overtime Wages
    Corporation; and DOES 1-50, inclusive,          (Lab. Code §§ 1194 and 1194.2);
19                                              3.  Unreimbursed Business Expenses (Lab.
20      Defendants.                                 Code § 2802);
                                                4.  Wage Statement Penalties (Lab. Code §
21                                                  226);
                                                5.  Waiting Time Penalties (Lab. Code
22                                                  § 203).
23                                              JURY TRIAL DEMANDED
24
25                                              FILED BY FAX
26                                              CRC 2005
27
28

─────────────────────────────────────────────
Lovig v. Sears, Roebuck & Co., et al.                                    Complaint

## ADDITIONAL ATTORNEYS FOR PLAINTIFF

David Spivak (SBN 179684)
        david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Telephone:      (310) 499-4730
Facsimile:      (310) 499-4739

Louis Benowitz (SBN 262300)
        louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:      (310) 888-7771
Facsimile:      (310) 888-0109

2

*Lovig v. Sears, Roebuck & Co., et al.*                              Complaint

Plaintiff Nikola Lovig ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings class and representative action based on alleged violations of the Labor Code, Industrial Welfare Commission Order No. 7-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants Sears, Roebuck & Co. and Does 1-50, inclusive (collectively "Defendants"). As set forth below in more detail below, Plaintiff alleges that Defendants are liable to him and similarly situated current and former hourly employees in California for unpaid wages and other related relief based on their alleged failures to pay them minimum, overtime, premium, and wages.. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction to hear this case based on Plaintiff's information and belief that relief sought herein for Defendants' alleged violations of the Labor Code, Wage Order, and Business and Professions Code exceeds the jurisdictional minimum of this Court as required under California law.

3. This case falls outside the scope of federal question subject matter jurisdiction in that all of the causes of action set forth herein solely arise under California law and also falls outside the scope of federal diversity subject matter jurisdiction based on Plaintiff's information and belief that no class member has a claim that places more than $75,000 in controversy and that the aggregate claims of class members place less than $5 million in controversy.

4. Venue is proper in Riverside County pursuant to Code of Civil Procedure §§ 395(a) and 395.5 in that liability arose in Riverside County because some of the transactions that are the subject matter of this Complaint occurred therein and/or because each defendant is found, maintains offices, transacts business, and/or has an agent therein.

///
///
///

## PARTIES

5.     Plaintiff is an individual who was employed by Defendants as a "Technician" in Riverside County during the one-year time period before the filing of this action.

6.     Defendant Sears, Roebuck, & Co. is a New York Corporation.

7.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.

8. ·    Plaintiff is informed and believes and thereon alleges that one or more of the defendants referred to herein have employed persons and engaged in unlawful labor and payroll practices in California during the applicable limitations periods.

9.     Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

10.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.     The class definitions are as follows:

**Technician Class:** All persons employed by Defendants in California who, during the time period from four years before the filing of this action to the date that final judgment is entered, have held the position of "Technician" and/or other hourly or non-exempt positions with similar job descriptions and/or duties.

**Premium Wage Rate Class:** All persons employed by Defendants in California in hourly or non-exempt positions who, during the time period from four years before the filing of this action to the date that final judgment is entered, received both: (a) premium wages in lieu of meal and/or rest periods; and (b) commissions and/or bonuses.

**Personal Days Class:** All persons employed by Defendants in California during the time period from four years before the filing of this action to when final judgment is entered who: (a) forfeited one or more personal days; and/or (b) were eligible for personal days when they voluntarily or involuntarily separated from Defendants' employment.

**Waiting Time Penalties Class:** All persons who voluntarily or involuntarily separated from Defendants' employment during the time period from three years before the filing of this action to the date that final judgment is entered who are members of the **Technician Class, Premium Wage Rate Class, and/or Personal Days Class.**

**Wage Statement Penalties Class:** All persons employed by Defendants during the time period from one year before the filing of this action to the date that final judgment is entered who are members of the **Technician Class, Premium Wage Rate Class, and/or Personal Days Class.**

12. Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

13. The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes and thereon alleges that the actual number of class members exceeds the minimum number required for numerosity under California law.

14. Common questions of law and fact exist as to all class members and predominate over any questions which only affect individual class members, including, but not limited to:

A. Whether Defendants have maintained a policy and practice of requiring Technician Class members to download work-related information before clocking into work each day?

///

///

B.    Whether Defendants have maintained a policy and practice of requiring **Technician Class** members to upload work-related information after clocking out each day?

C.    Whether Defendants have maintained a policy and practice of placing **Technician Class** members on tight work schedules that allow them insufficient time for duty-free meal and rest periods?

D.    Whether Defendants are liable to **Technician Class** members for earned and unpaid hourly and premium wages?

E.    Whether Defendants have maintained a policy and practice of requiring or expecting **Technician Class** members to have Internet connections for work-related purposes?

F.    Whether Defendants have consistently failed to reimburse **Technician Class** members for the expenses they have incurred in having Internet connections for work-related purposes?

G.    Whether Defendants are liable to **Technician Class** members for Internet connection costs they incurred as a direct consequence of performing their work duties?

H.    Whether Defendants have failed to pay premium wages to **Premium Wage Rate Class** members based on their respective "regular rates of compensation" by not including commissions and/or bonuses in calculating the rates at which those wages are paid?

I.    Whether the "personal days" that Defendants provided to **Personal Days Class** members are a form of vacation pay and protected from forfeiture under Labor Code § 227.3?

J.    Whether the "personal days" that Defendants provided to **Personal Days Class** members are subject to the proportionate vesting requirements set forth in *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982)?

///

K.  Whether Defendants have willfully failed to timely pay earned and unpaid wages to **Waiting Time Penalties Class** members?

L.  Whether **Waiting Time Penalties Class** members are entitled to waiting time penalties under Labor Code § 203?

M.  Whether Defendants have knowingly failed to provide **Wage Statement Penalties Class** members with accurate written wage statements?

15.  Plaintiff is informed and believes and thereon alleges that his claims are typical of class members claims in that Defendants have policies or practices of failing to comply with the Labor Code, Wage Order, and Business and Professions Code as alleged herein.

16.  Plaintiff will fairly and adequately represent and protect the interests of class members in that he has no interests adverse to those of absent class members and is represented by counsel with experience in employment and class action litigation.

17.  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

///
///
///
///
///
///

7

## FIRST CAUSE OF ACTION

### UNFAIR COMPETITION

#### (Bus. & Prof. Code §§ 17200, *et seq.*)

#### (By Plaintiff, Technician Class, Premium Wage Rate Class, and Personal Days Class)

18.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

19.     Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

20.     Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

*Technician Class*

21.     At all relevant times, Plaintiff and **Technicians Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

22.     Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

23.     Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least 72-hours notice before quitting, or within 72 hours of quitting if the employee gives less than 72-hours notice before quitting.

24.     Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

25.     Labor Code § 223 prohibits an employer from secretly paying an employee a lower wage than required by contract or statute while purporting to pay the designated wage.

///

8

26.    Labor Code §§ 1194 and 1197, and Section 4 of the Wage Order require an employer to pay a non-exempt employee at least minimum wage for all hours worked.

27.    Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

28.    Section 2(K) of the Wage Order, "Hours worked means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

29.    Labor Code §§ 510, 1194, 1197, and 1198, and Sections 3 and 4 of the Wage Order require an employer to pay a non-exempt employee no less than minimum wage for all hours worked, no less than one and one-half times the employee's regular rate of pay for all hours worked in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours worked on a seventh consecutive workday, and at no less than twice the employee's regular rate of pay for all hours worked in excess of 12 hours in a workday and/or in excess of 8 hours on a seventh consecutive workday.

30.    Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty- free, meal periods of at least thirty minutes for each work period of five or more hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of more than ten hours.

31.    Labor Code § 226.7 and Section 11 of the Wage Order prohibit an employer from requiring its employees to work during required meal periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

32.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

///

9

33.   Labor Code § 226.7 and Section 12 of the Wage Order prohibit an employer from requiring its employees to work during required rest periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

34.   Labor Code § 2802(a) states,

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

35.   At all relevant times, Defendants required Plaintiff to download work-related information through an Internet connection before clocking into work each day and to upload work-related information through an Internet connection after clocking out from work each day.

36.   Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of requiring Technician Class members to download work-related information through an Internet connection before clocking into work each day and to upload work-related information through an Internet connection after clocking out from work each day.

37.   At all relevant times, Plaintiff incurred expenses in maintaining an Internet connection for purposes of downloading and uploading work-related information as a direct consequence of discharging his job duties without being reimbursed by Defendants.

38.   Plaintiff is informed and believes and thereon alleges that, at all relevant times, Technician Class members have incurred expenses in maintaining Internet connections for purposes of downloading and uploading work-related information as a direct consequence of discharging his job duties without being reimbursed by Defendants.

39.   At all relevant times, Defendants placed Plaintiff on work schedules that required him to travel to numerous customers during the workday that left him with insufficient time for off-duty meal and rest periods.

///

40.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of placing **Technician Class** members on work schedules that have required them to travel to numerous customers during the workday and that have left them with insufficient time for off-duty meal and rest periods.

41.     At all relevant times, Defendants placed Plaintiff on work schedules that required him to travel to numerous customers during the workday that left him with insufficient time for off-duty meal and rest periods.

42.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of placing **Technician Class** members on work schedules that have required them to travel to numerous customers during the workday and that have left them with insufficient time for off-duty meal and rest periods.

43.     At all relevant times, Defendants also maintained a written policy under which Plaintiff and **Technician Class** members would be subject to discipline for not clocking out for 30-minute meal periods.

44.     At all relevant times, and as a result of Defendants' policy, Plaintiff routinely performed work while clocked out during 30-minute meal periods that Defendants either knew, or reasonably should have known, that he was performing.

45.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, as a result of Defendants' policy, **Technician Class** members routinely performed work while clocked out during 30-minute meal periods that Defendants either knew, or reasonably should have known, that they were performing.

46.     Plaintiff has lost money or property as a result of unfair competition in that Defendants did not pay him minimum, hourly, overtime, and premium wages in violation of Labor Code §§ 201, 204, 223, 226.7, 510, 1194, 1197, and 1198, and did not reimburse him for business expenses in violation of Labor Code § 2802.

47.     Defendants have, or may have, acquired money or property from **Technician Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have not paid them minimum, hourly, overtime, and premium

1   wages in violation of Labor Code §§ 201, 202, 204, 223, 226.7, 510, 1194, 1197, and/or 1198,

2   and have not reimbursed them for business expenses in violation of Labor Code § 2802.

3                           *Premium Wage Rate Class*

4        48.    At all relevant times, Plaintiff and **Premium Wage Rate Class** members have

5   been non-exempt employees of Defendants and entitled to the full protections of both the Labor

6   Code and the Wage Order.

7        49.    California law uses the terms "compensation" and "pay" interchangeably and

8   requires that all applicable remuneration, including, but not limited to, commissions and non-

9   discretionary bonuses, be included when calculating an employee's regular rate of pay.

10        50.    At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

11   compensation that did not reflect commissions and non-discretionary bonuses rather than based

12   on a regular rate of compensation that was calculated to reflect those amounts as Labor Code §

13   226.7(b) and Section 11(D) of the Wage Order require on the occasions when Defendants paid

14   him premium wages in lieu of meal periods.

15        51.    Plaintiff is informed and believes and thereon alleges that, at all relevant times,

16   Defendants have maintained a policy and practice of paying **Premium Wage Rate Class**

17   members premium wages based on rates of compensation that have not reflected commissions

18   and/or bonuses rather than based on regular rates of compensation that were calculated to reflect

19   those amounts as Labor Code § 226.7(b) and Section 11(D) of the Wage Order require on the

20   occasions when Defendants have paid them premium wages in lieu of meal and/or rest periods.

21        52.    Plaintiff lost money or property as a result of unfair competition in that

22   Defendants paid him premium wages in lieu of meal periods at a lower rate than his correctly

23   calculated regular rate of compensation in violation of Labor Code §§ 204, 223, 226.7(b), and

24   1198, and § 11(D) of the Wage Order.

25        53.    Defendants have, or may have, acquired money or property from **Premium**

26   **Wage Rate Class** members by means of unfair competition in that Plaintiff is informed and

27   believes and thereon alleges that Defendants have paid them premium wages in lieu of meal

28   periods at lower rates than their correctly calculated regular rates of compensation in violation

1  of Labor Code §§ 201, 202, 204, 223, 226.7(b), and/or 1198, and § 11(D) of the Wage Order.

2                                     ***Personal Days Class***

3      54.   Labor Code § 227.3 prohibits employers from subjecting vacation pay to unpaid

4  forfeiture and requires an employer who has a policy that provides for vacation pay to pay its

5  terminated employees for all of their vested and unused vacation pay.

6      55.   *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982), holds that a proportionate

7  right to vacation pay vests on a pro rata basis as the employee renders labor.

8      56.   Plaintiff is informed and believes and thereon alleges that, at all relevant times

9  and in violation of the *Suastez* proportionate vesting requirement, Defendants have maintained a

10  personal days policy to which he and **Personal Days Class** members are, or have been, subject,

11  under which employees receive allocations of 2 personal days on February 1, 1 personal day on

12  May 1, and 1 personal day on August 1, and do not receive any proportionate accruals of vested

13  personal days during the time in between allocation dates.

14      57.   Plaintiff is informed and believes and thereon alleges that, at all relevant times

15  and in violation of Labor Code § 227.3, Defendants' personal days policy has also provided for

16  the forfeiture of vested and unused personal days that are not taken by the end of the plan year

17  and for the forfeiture of vested and unused personal days at termination.

18      58.   Plaintiff has lost money or property as a result of unfair competition in that

19  Defendants did not pay him for vested and unused personal days at termination of employment

20  in violation of Labor Code §§ 201, 223, and 227.3.

21      59.   Defendants have, or may have, acquired money or property from **Personal Days**

22  **Class** members by means of unfair competition in that Plaintiff is informed and believes and

23  thereon alleges that Defendants have not paid class members for all of their vested and unused

24  personal days at the end of plan years and/or at termination of employment in violation of Labor

25  Code §§ 201, 202, 204, 223 and/or 227.3.

26  ///

27  ///

28  ///

1    *Relief Sought*

2    60.    Pursuant to Business and Professions Code §§ 17203–17204, Plaintiff, on behalf

3    of himself, the **Technician Class**, the **Premium Wage Rate Class**, the **Personal Days Class**,

4    the **Personal Days Rate Class**, and the **Vacation Pay Rate Class**, seeks an order awarding

5    restitution of all earned and unpaid wages that Defendants acquired, or may have acquired, by

6    means of unfair competition in amounts subject to proof.

7    61.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine,

8    and/or the common fund doctrine, Plaintiff, on behalf of himself, the **Technician Class**,

9    **Premium Wage Rate Class**, and the **Personal Days Class**, seeks reasonable costs and

10   attorneys' fees in amounts subject to proof.

11   <u>**SECOND CAUSE OF ACTION**</u>

12   **UNPAID MINIMUM AND OVERTIME WAGES**

13   **(Lab. Code §§ 1194 and 1194.2)**

14   **(By Plaintiff and Technician Class)**

15   62.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

16   63.    Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff, on behalf of himself and

17   **Technicians Class** members, seeks to recover earned and unpaid minimum and overtime

18   wages, interest thereon, liquidated damages, and awards of reasonable costs and attorneys' fees,

19   all in amounts subject to proof.

20   <u>**THIRD CAUSE OF ACTION**</u>

21   **UNREIMBURSED BUSINESS EXPENSES**

22   **(Lab. Code § 2802)**

23   **(By Plaintiff and Technician Class)**

24   64.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

25   65.    Pursuant to Labor Code § 2802, Plaintiff, on behalf of himself and **Technician**

26   **Class** members, seeks to recover unreimbursed business expenses, interest thereon, and awards

27   of reasonable attorneys' fees and costs, all in amounts subject to proof.

28   ///

## FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES

#### (Lab. Code § 203)

#### (By Plaintiff and Waiting Time Penalties Class)

66.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

67.     Labor Code § 203 provides that the wages of an employee shall continue as a penalty from the due date until the wages are paid for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages in violation of Labor Code § 201 or § 202.

68.     Defendants failed to timely pay Plaintiff earned and unpaid minimum, overtime, premium, and vacation wages after he was discharged in violation of Labor Code § 201.

69.     Plaintiff is informed and believes and thereon alleges that Defendants have failed to timely pay **Waiting Time Penalties Class** members earned and unpaid minimum, overtime, premium, and/or vacation wages after termination in violation of Labor Code § 201 or § 202.

70.     Plaintiff is informed and believes and thereon alleges that Defendants' failures to pay minimum, overtime, premium, and/or vacation wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay said wages in conformity with the Labor Code and the Wage Order but have deliberately adopted payroll policies and practices that are inconsistent with those requirements.

71.     Pursuant to Labor Code § 203, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks to recover up to 30 days of waiting time penalties per class member in amounts subject to proof.

### FIFTH CAUSE OF ACTION

### WAGE STATEMENT PENALTIES

#### (Lab. Code § 226)

#### (By Plaintiff and Wage Statement Penalties Class)

72.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

///

///

73.    Pursuant to Labor Code § 226(a), Defendants have been obliged to provide Plaintiff and **Wage Statement Penalties Class** members, either semimonthly or at the time of each payment of wages, accurate itemized statement showing, among other things, all applicable hourly rates of pay in effect during the pay period, their corresponding number of hours worked at each applicable rate, and gross and net wages earned.

74.    By failing to pay minimum, overtime, premium, and vacation wages to Plaintiff as set forth above, Defendants have furnished him with written wage statements that do not accurately reflect all of his applicable rates of pay, hours worked, corresponding wages earned at each applicable rate, and amounts of gross and net wages.

75.    Plaintiff is informed and believes and thereon alleges that by failing to pay minimum, overtime, premium, and vacation wages to **Wage Statement Penalties Class** members as set forth above, Defendants have furnished them with written wage statements that do not accurately reflect all of their applicable rates of pay, hours worked, corresponding wages earned at each applicable rate, and amounts of gross and net wages.

76.    Plaintiff is informed and believes and thereon alleges that Defendants' failures to provide him and **Wage Statement Penalties Class** members with accurate wage statements have been intentional, in that Defendants have, at all relevant times, had the ability to provide them with accurate wage statements but, instead, have intentionally provided them with inaccurate wage statements as a result of not correctly calculating their applicable rates of pay, hours worked, corresponding wages earned at each applicable rate, and amounts of gross and net wages.

77.    Plaintiff and **Wage Statement Penalties Class** members have suffered injuries due to Defendants' failures to provide them with accurate written wage statements. Their legal rights to receive accurate wage statements have been violated and they have been misled about the rates at which their wages are to be paid and the amounts of wages they have been paid. In addition, the absence of accurate information has prevented immediate challenges to allegedly unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and

*Lovig v. Sears, Roebuck & Co., et al.*                                    *Complaint*

1   pay records, and/or has caused inaccurate information about wages and wage deductions to be

2   submitted to government agencies.

3         78.     Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage**

4   **Statement Penalties Class** members, seeks to recover the greater of actual damages or $50 for

5   the initial pay period in which a § 226(a) violation occurred, the greater of actual damages or

6   $100 for each violation of § 226(a) in a subsequent pay period, up to the greater of actual

7   damages or a aggregate $4,000 penalty per class member, as well as awards of reasonable

8   attorneys' fees and costs, all in amounts subject to proof.

9                                **PRAYER FOR RELIEF**

10        WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for

11   relief and judgment against Defendants as follows:

12                A.     An order that the action be certified as a class action;

13                B.     An order that Plaintiff be appointed class representative;

14                C.     An order that counsel for Plaintiff be appointed class counsel;

15                D.     Damages;

16                E.     Restitution;

17                F.     Declaratory relief;

18                G.     Injunctive relief;

19                H.     Statutory penalties;

20                I.     Pre-judgment interest;

21                J.     Costs of suit;

22                 K.     Reasonable attorney's fees; and

23                L.     Such other relief as the Court deems just and proper.

24   ///

25   ///

26   ///

27   ///

28   ///

1

## DEMAND FOR JURY TRIAL

2   Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury

3   trial on all issues so triable.

4

5                                              Respectfully submitted,

6                                              LAW OFFICES OF SHAUN SETAREH
                                               THE SPIVAK LAW FIRM
7                                              LAW OFFICES OF LOUIS BENOWITZ

8       Dated: April 7, 2011                   BY

9                                              SHAUN SETAREH
                                               Attorneys for Plaintiff
10                                             NIKOLA LOVIG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

*Lovig v. Sears, Roebuck & Co., et al.*                                    *Complaint*

## SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

☐ BANNING 135 N. Alessandro Road, Banning, CA 92220
☐ BLYTHE 265 North Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ INDIO 46-200 Oasis St., Indio, CA 92201
☐ MORENO VALLEY 13800 Heacock St., M2091, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Road, Murrieta, CA 92563
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ RIVERSIDE 4175 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

Name and Address                     SBN 204514
Shaun Setareh, Esq.
9454 Wilshire Blvd., PH
Beverly Hills, CA 90212
setarehlaw@sbcglobal.net

Attorney for Plaintiff
or Party without Attorney

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 08 2011

NIKOLA LOVIG, on behalf of himself and all
others similarly situated,

                              Plaintiff(s)

vs.

SEARS ROEBUCK & CO., a New York
Corporation; and DOES 1-50, inclusive

                              Defendant(s)

`106069`

CASE NO.

**CERTIFICATE OF COUNSEL**

**FILED BY FAX
CRC 2005**

The undersigned certifies that this matter should be tried or heard in the

Riverside Historic Courthouse Court for the following reason:

☒  The action arose in this judicial district.

☐  The action concerns real property located in this judicial district.

☐  The defendant resides in this judicial district.

Dated:  April 8, 2011                    Signed by: _____  SHAUN SETAREH, ESQ.

                                                      ATTORNEY FOR PLAINTIFF(S)
                                                      OR PARTY WITHOUT ATTORNEY

                                                      NIKOLA LOVIG

(Rev. 7-1-09)                    **CERTIFICATE OF COUNSEL**                    R-030

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE

### Alternative Dispute Resolution
http://riverside.courts.ca.gov/adr/adr.htm

### Serving the Alternative Dispute Resolution (ADR) Information Package

Pursuant to California Rule of Court 3.221(c), in all general civil cases the plaintiff must serve a copy of the Alternative Dispute Resolution (ADR) information package on each defendant together with the complaint.

Cross-complainants must serve a copy of the Alternative Dispute Resolution (ADR) information package on any new parties to the action together with the cross-complaint.

To obtain a copy of the Court's Alternative Dispute Resolution information package, access the Court's website and type the following link http://riverside.courts.ca.gov/adr/adrciv.pdf or go to the Fees & Forms link and click on the ADR Information Package.

Copies of the Court's Alternative Dispute Resolution information package are also available at the Clerk's Office.

07/14/09

REC'D APR 25 2011

10/5/11

POS-010

D3

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>9454 Wilshire Blvd., PH 1<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>APR 25 2011<br>_BMV_ |

VR

MAY 09 2011

B

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Riverside County<br>4050 Main Street<br>Riverside, CA 92501-3703 | |
| PLAINTIFF/PETITIONER: Lovig | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Sears Roebuck & Co. | 1106069 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Sears |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Civil Case Cover Sheet, Certificate of Counsel, ADR Information Package

BY FAX

3. a. Party served: Sears Roebuck & Co., a New York Corporation

   b. Person Served: CT Corporation - Margaret Wilson - Person authorized to accept service of process

4. Address where the party was served: 818 West Seventh Street 2nd Floor
   Los Angeles, CA 90017

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): 4/11/2011         (2) at (time): 2:55 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c: on behalf of:

   Sears Roebuck & Co., a New York Corporation

   under:      CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:        Jimmy Lizama
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number:  415-491-0606
   d. The fee for service was:  $ 29.00
   e. I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 4/12/2011

_Jimmy Lizama_                                            _[signature]_
(NAME OF PERSON WHO SERVED PAPERS)                        (SIGNATURE)

Form Adapted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 6744478

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NIKOLA LOVIG

**DEFENDANTS**
SEARS, ROEBUCK & CO.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Shaun Setareh/Hayley Schwartzkopf
Law Offices of Shaun Setareh

9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, CA 90212
310-888-7771

Attorneys (If Known)
Lynne Hermle/Joseph Liburt/Jennifer Pitcher
Orrick Herrington & Sutcliffe, LLP
400 Capitol Mall, Ste. 3000
Sacramento, CA 95814

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No
☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§1332(d), 1441, 1446, 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: EDCV 11-756

OU SY (05/05) 61145304.1                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No ☒ Yes

If yes, list case number(s): Tracy Coughlin v. Sears Holding Corp., et al., No. 8:08 - cv - 00015-CJL - RNB

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois; New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   5/10/2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com